IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 118-060 |
| | ) | |
| WALTER JASON PURKHISER | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On November 13, 2018, the Court ordered a mental examination of Defendant pursuant to 18 U.S.C. § 4247, as authorized by 18 U.S.C. §§ 4241 and 4242. (Doc. no. 25.) Dawn Graney, Psy.D., performed the examination and authored an extensive report dated July 5, 2019. (Doc. no. 32, under seal.) On July 25, 2019, the Court conducted an evidentiary hearing and heard testimony from Dr. Graney. (See doc. nos. 39, 40.) Having carefully considered Dr. Graney's report and testimony, the Court **REPORTS** and **RECOMMENDS** a finding Defendant is competent to stand trial.

**I.  BACKGROUND**

The indictment, filed on September 10, 2018, charges Defendant with two counts of assault under 18 U.S.C. § 113(a)(1) and (a)(8). (Doc. no. 5.) Following the Court's order for mental evaluation dated November 13, 2018, Defendant was admitted for evaluation to the Federal Correctional Institution in Butner, North Carolina on March 26, 2019. (Doc. no. 32, under seal.) Dr. Graney conducted three months of observation and evaluation, taking into consideration her numerous meetings with Defendants, his behavior within the inmate

population, psychological testing, military service, family history, criminal history, medical history, and psychological history.  (Id.)  At the hearing, the Court found Dr. Graney competent to testify as an expert psychologist concerning Defendant's competence in light of her considerable education, training, and experience.

## II.    DISCUSSION

18 U.S.C. § 4241 provides, in pertinent part, as follows:

> **(d)  Determination and disposition.--**If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).  "The legal test for competency is whether the defendant ha[s] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he ha[s] a rational as well as factual understanding of the proceedings against him."  United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003) (quoting United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986) (citations omitted)).

Dr. Graney opined Defendant has a rational and functional understanding of the nature of the proceedings against him, is competent to stand trial, and is capable of adequately understanding the different phases of litigation and roles of different officials in the criminal justice system.  (Id.)  Defendant offered no significant argument against Dr. Graney's report or her testimony.  Based on Dr. Graney's extensive and thorough report and testimony, the Court **FINDS** Defendant is not presently suffering from a mental disease or

defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

### III.    CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** a finding Defendant is competent to stand trial.

SO REPORTED and RECOMMENDED this 26th day of July, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA